UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>JAIME MICOLTA HURTADO )<br>)<br>and )<br>)<br>SARA MARITZA RAYO ) | Crim. No. 05-316 (ESH) |

**GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT
TO EXCLUDE TIME PENDING THE ARRIVAL OF CO-DEFENDANTS, TO
EXCLUDE TIME GIVEN THE NATURE OF THE PROSECUTION, AND
TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRY**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves the Court under 18 U.S.C. §§ 3161(h)(7), 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time pending the arrival of co-defendants, to exclude time based on the nature of the case; and to exclude time to permit the United States to obtain evidence from Brazil, Colombia, and Panama. In support thereof, the government states the following:

FACTS

1. On February 22, 2006, Jaime Micolta, Sara Maritza Rayo, and others were indicted by a federal grand jury in the District of Columbia and charged with conspiring to import five kilograms or more of cocaine into the United States and conspiring to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine would be unlawfully

1

imported into the United States in violation of 21 U.S.C. § 959 and 963. Other defendants were charged in the conspiracy, including Pablo Rayo Montano and three of Jaime Micolta's brothers.

2. Micolta was arrested in California on May 16, 2006, and had an initial appearance and arraignment before a United States Magistrate Judge. He was ordered detained after a detention hearing. Sara Maritza Rayo was arrested in Colombia on or about May 16, 2006 and was recently extradited to the United States. She had her initial appearance on Friday, March 30, 2007 in the District of Columbia, and is scheduled for a detention hearing and arraignment on April 11, 2007.

3. The lead defendant, Pablo Rayo Montano, headed a large drug trafficking organization which operated in Brazil, Colombia, Ecuador, Panama, and the United States. Jaime Micolta was a close associate of Pablo Rayo Montanyo when both lived in Panama in the late 1990's and early 2000's. Sara Maritza Rayo is the sister of Pablo Rayo, and a judicialized wire tap in Brazil intercepted more than one hundred trafficking related telephone calls between Sara Maritza Rayo and Pablo Rayo Montano.

4. The Rayo organization was the subject of two indictments, the instant indictment and an overlapping indictment in the Southern District of Florida. In all, 42 different defendants, all members of the Rayo drug trafficking organization, were indicted in the District of Columbia and in Miami. Ten defendants were indicted in both jurisdictions, although the defendants Micolta and Sara Maritza Rayo were not indicted in Miami.

5. Almost 30 defendants were arrested on May 16, 2006. Defendants were arrested in Brazil, Colombia, Costa Rica, Ecuador, Panama, and the United States. The United States has formally requested the extradition of defendants from Brazil, Colombia, and Panama. Those

extraditions are pending. Sara Maritza Rayo was the first of the defendants to arrive from Colombia, and it is expected that other defendants from Colombia will start arriving over the next several months.

## ARGUMENT

6. Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., trial must commence within seventy days of initial appearance. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the seventy day computation. First, section 3161(h)(7) of the Speedy Trial Act excludes a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Second, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(8)(A). One factor that the Court should consider is "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." §3161(h)(8)(B)(i). In determining whether to grant a continuance, a second factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. §3161(h)(8)(B)(ii). Third, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any

such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).

### The Time Until The Defendants Presently In Custody Are Extradited or Available For Trial Should Be Excluded Under §3161(h)(7) of the Speedy Trial Act

7. A reasonable period of time attributable to the absence of the co-defendants should be excluded under §3161(h)(7). At this time, it is anticipated that other co-defendants will be extradited to the U.S. within the next several months. Delay caused by one defendant is excludable as to his co-defendants. See United States v. Davenport, 935 F.2d 1223, 1229-30 (11th Cir. 1991); United States v. Tobin, 840 F.2d 867, 869 (11th Cir. 1988). As stated in United States v. Tobin, "[a]nything that stops the clock for one defendant does so for the same amount of time as to all defendants." 840 F.2d at 869.

8. There is a strong public policy supporting the principle that defendants who are indicted together should be tried together. See United States v. Davenport, 935 F.2d 1223, 1239-40 (11th Cir. 1991)(delay in complex case must be balanced against the importance of conducting joint trials in conspiracy cases); United States v. Tobin, 840 F.2d 867, 869-70 (11th Cir. 1988) (recognizing utility of multi-defendant trials and finding delay caused by one defendant is excludable as to co-defendants so long as it is reasonable). According to Tobin, the purpose of the (h)(7) exclusion was "to make sure that [the Act] does not alter the present rules on severance of co-defendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3161." 840 F.2d at 869.

9. Courts determine what a reasonable period of delay is on a case-by-case basis, paying particular attention to the totality of the circumstances prior to trial and the actual prejudice

incurred by the defendant as a result of the delay. United States v. Franklin, 148 F.3d 451, 457 (5th Cir. 1998). See also United States v. Register, 182 F.3d 820, 826-28 & n. 8 (11th Cir. 1999)(holding that 38 month delay, while extraordinary, did not raise speedy trial concerns where the delay had resulted in part from the periodic joinder of defendants and the return of several superseding indictments); United States v. Olivo, 69 F.3d 1057, 1061 (10th Cir. 1995)(noting that reasonableness is assessed in terms of the "relevant circumstances"); United States v. Davenport, 935 F.2d 1223, 1236 (11th Cir. 1991)(noting that reasonableness can be determined by reference to the totality of the circumstances prior to trial, by the extent to which the defendant's defense was prejudiced, or by the sheer length of delay). In United States v. Dennis, a 144 day delay preceding Dennis' trial was reasonable when the co-defendant was in custody, his whereabouts were known at all times, and his production at trial was never in doubt. 737 F.2d 617, 621 (7th Cir. 1984). In United States v. Tobin, the Eleventh Circuit found reasonable an eight month delay resulting from the government's inability to arrest the co-defendant. 840 F.2d 867, 870 (11th Cir. 1988). Here, the period of anticipated delay is not unreasonable.

<u>Time Should Be Excluded Under §3161(h)(8)(A) and (h)(8)(B)(i) and (ii) of the Speedy Trial Act Because Of The Nature Of The Case</u>

10. The government respectfully moves the Court to grant a continuance because of the nature of the case. The failure to grant a continuance in this case would result in a miscarriage of justice due to its unusual posture and significance. The indictment alleges the existence of an international drug conspiracy involving many defendants from Central and South American. In addition, this case involves the extraterritorial application of United States law. The investigation of this case occurred outside the United States and was conducted by Special

Agents of the DEA and their foreign counterparts in Central and South America. The majority of the witnesses who will testify for the government at trial are located in these countries. Because the case involves the extraterritorial application of United States law, it may present novel questions of fact or law. In addition, due to the nature and location of the government's evidentiary materials, which are primarily in Spanish and Portugese, and the government's efforts to obtain evidence from these and other countries, it is anticipated that complete discovery will take longer than usual. Acquiring evidence from a foreign country is a time consuming process. Accordingly, the government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. See United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which in the Dutch language, and many foreign witnesses); United States v. Brooks, et al., 697 F.2d 517 (3d Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at time continuance was granted); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

Time Should Be Excluded Under §3161(h)(9) of the Speedy Trial Act
To Obtain Evidence From Brazil and Colombia

11. The government respectfully moves the Court to delay the setting of any trial date under 18 U.S.C. §3161(h)(9) based on government requests to Brazil and Colombia for relevant evidence there, as well as the future filing of such requests from other nations. The United States has learned that Sara Maritza Rayo made many telephone calls to her brother, Pablo Rayo Montano, who was living in Brazil. The government believes that more than 100 such conversations were intercepted by judicially authorized wiretaps in Brazil. The government submits that it reasonably appears that there is evidence of the charged offense in Brazil, as well as in Colombia and Panama. Available evidence may include travel records, bank records, tax records, phone records, and real estate records. (The undersigned are traveling to Brazil during the week of April 22 through April 28, 2007, to consult with Brazilian prosecutors and review evidence in the custody of Brazilian authorities.)

## Conclusion

12. In computing the time within which the trial must commence, the government respectfully requests that the Court order that the period of time from the granting of this motion to six months therefrom be excluded pursuant to 18 U.S.C. §3161(h)(9). See United States v. Serna, 630 F. Supp. 779 (S.D.N.Y. 1986) (finding the government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C.A. § 3161(h)(9) while the government made a diligent and good-faith effort to obtain evidence gathered by Spanish police); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985)(concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

13. Excluding six months, however, does not necessarily mean that the trial need be delayed this long. The government will seek to obtain the requested evidence as expeditiously as possible. Alternatively, the Court could grant the government's motion for a shorter period of time with the opportunity for the government to seek additional exclusions of time.

14. The court has previously granted the government's request, made pursuant to the Speedy Trial Act, to continue the case and the court granted a continuance until on or about March 21, 2007. At the time of the government's initial request, only the defendant Jaime Micolta was in custody in the District of Colombia.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion and continue the case for at least six more months.

Respectfully submitted,

Paul W. Laymon
Wanda Dixon
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division, Department of Justice
(202) 514-1286

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was provided to defense counsel on April 9, 2007.

_____
Paul Laymon
Trial Attorney, DOJ