UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-316(ESH) |
| ) | |
| SARA MARITZA RAYO ) | |
| ) | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves to detain defendant Sara Maritza Rayo, aka, Sara Maritza Rayo Montano, pending trial. In support thereof, the government states the following:

INTRODUCTION

1. The United States respectfully moves this court to order the pretrial detention of defendant Rayo pursuant to 18 U.S.C. § 3142(e) and § 3142(f) . As set forth herein, there is a statutory presumption in favor of detention because the defendant is charged with, inter alia, Conspiracy to Distribute Cocaine for the Purpose of Unlawful Importation Into the United States,, an offense which carries a maximum penalty of more than ten years imprisonment. Moreover, the defendant has the ability to flee if released from custody, and would pose a danger to the community.

FACTUAL BACKGROUND

2. Defendant is a citizen of Colombia, having been born in Colombia in 1964 and living most if not her entire life there. She is in the United States by virtue of her extradition to the United States. She was arrested in Colombia on or about May 16, 2006 and has been in custody awaiting extradition. Her only known contacts in the United States are codefendants who are in

custody in Miami.

3.  Defendant was a member of a large drug trafficking organization headed by her brother, Pablo Rayo Montano, who is in custody in Brazil and is awaiting extradition to the United States. Pablo Rayo has been a major cocaine trafficker for at least 15 years. The Rayo's grew up in the small coastal Colombian town of Buenaventura, and most of Pablo Rayo's key drug trafficking associates grew up with him. Rayo was able to acquire large amounts of cocaine in Colombia which he imported into the United States. He maintained boats and boat crews for the purpose of smuggling the cocaine from Colombia to Mexico to the United States. He established a fairly sophisticated drug trafficking network to acquire and ship the cocaine, and to launder the huge amounts of US dollars that flowed back. Judicialized wire taps in Colombia and Brazil recorded more than 10,000 telephone calls between Pablo Rayo and his key associates. Among the most telling evidence that emerged from the intercepts were conversations about maritime shipments of cocaine, some of which were intercepted by the US Coast Guard, which then sparked more conversation about the seizures. Tons of cocaine were seized in this manner.

4.  Defendant Sara Rayo frequently telephoned her brother Pablo Rayo. The judicialized wire tap in Brazil intercepted more than 115 calls between Sara Rayo and Pablo Rayo between April 2005 and May 2006. In these phone calls, Pablo Rayo instructs Sara Rayo to make arrangements for maintenance and repair of boats, and recruiting and paying crew members and boat maintenance workers in Colombia and Venezuela. In addition, he directed Sara Rayo to handle legal problems that arose in Colombia, as he was in Brazil and did not want to return to Colombia. They often spoke about Pablo Rayo's finances, particularly his investments in Colombia, which were used to launder his drug proceeds. Their conversations were often heavily coded and involved the use of name and place references, such as "get hold of the thin one and

tell him to ...".  On at least one occasion he sent her to Panama to resolve a dispute involving a boat.  On several calls Sara Rayo was with other indicted coconspirators who she put on the phone to talk to Pablo Rayo.  These calls typically involved money or maintenance of assets of the drug trafficking organization.

## ARGUMENT

Statutory Presumption

     5. The presumption of detention under 18 U.S.C. §3142(e) applies in this case. Under 18 U.S.C. §3142(e), there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  An indictment charging a qualifying offense, as is the case here, is sufficient to trigger this presumption.  United States v. Smith, 79 F.3d 1208 (D. C. Cir. 1996);  United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986). When the presumption is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D. C. Cir. 1985).  Several other factors in the detention statute also support the Government's request for pretrial detention.

     Nature and Circumstances of Offense Charged

     6. The offense charged involves an international drug conspiracy operating out of Colombia and Brazil and elsewhere that distributed  multi-ton quantities of cocaine for importation into the United States.

Weight of the Evidence

7. In addition to the testimony of reliable and credible cooperating witness(es), the Government intends to introduce evidence in the form of seized cocaine, financial records, Customs and Immigration records, Federal tax return information, documents of domestic court proceedings, and business records including telephone records, airline records, hotel records, bank records, and credit card records which document the drug trafficking activities and corroborate the statements of witnesses.

History and Characteristics of the Defendant

8. Rayo is a citizen of Colombia. It is not known if she has ties in the United States. She has no known ties to this District.

Safety of the Community

9. The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if release on bail and thus, constitute a danger to the community. See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986). Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.). The defendant participated in an international drug transportation and distribution organization. The government has reliable evidence that she has been assisting in importing and distributing cocaine. This continuing course of narcotic trafficking, involving significant quantities of cocaine, indicates that she is reasonably likely to continue selling cocaine, therefore making her a risk to the safety of the community if released.

Risk of Flight

10. A determination of risk of flight must be supported only by a preponderance of the

evidence.  United States v. Xulam, 84 F.3d 441, 442 (D. C. Cir. 1996).  The Government submits that Rayo is a serious flight risk, and due to the seriousness of the crimes charged, she would attempt to leave the United States if given the opportunity.  She has contacts throughout the Central and South American areas.   This includes other members of the conspiracy who have been charged but have not been apprehended, as well as co-conspirators who have not been indicted.  Sh has relatives, friends, drug trafficking associates.  In the event that she were to abscond, it would be very difficult to locate her again.

**WHEREFORE**, for the foregoing reasons, the Government submits that defendant should be detained pending trial.

                                                  Respectfully submitted,

                                                  _____

                                                  Paul Laymon and Wanda Dixon
                                                  Trial Attorneys
                                                  Narcotic and Dangerous Drug Section
                                                  Criminal Division
                                                  United States Department of Justice
                                                  (202) 514-1286

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Pretrial Detention was delivered to counsel for defendant  this 11th day of April,  2007.

                                                  _____
                                                  Paul Laymon

Case 1:05-cr-00316-ESH    Document 27    Filed 04/11/2007    Page 6 of 6